UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES L. COLE,

       Petitioner,

v.                                     Case No. 2:09-cv-213
                                          HON. R. ALLAN EDGAR

JEFFREY WOODS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Charles Cole filed this petition for writ of habeas corpus challenging his convictions for uttering and publishing in violation of MCL § 750.249 and using a computer to commit uttering and publishing in violation of MCL § 752.796. Petitioner was sentenced to consecutive terms of 46 to 138 months imprisonment as a fourth habitual offender. These sentences were to run consecutively to the sentence that petitioner was serving as a result of his parole violation. The Michigan Court of Appeals affirmed petitioner's convictions and the Michigan Supreme Court denied leave to appeal.

Petitioner raises the following issues:

I.  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.  The police conducted a warrantless search and seizure of petitioner's computer.

II.  Petitioner was deprived of due process and equal protection and other protected rights to a fair trial when MRE 404 (b)(2) evidence was admitted without prior notice by the prosecutor.

III.  Petitioner was deprived of due process and equal protection under the law when insufficient evidence was presented to support the uttering and publishing conviction.

IV.  Petitioner was denied constitutional right to effective assistance of counsel when trial counsel failed to do a pretrial investigation, and failed to confront witnesses against petitioner by stipulating to testimony from a non-testifying defendant.

V.  Violation of due process right when petitioner was sentenced as a fourth habitual offender based on the uttering and publishing and use of a computer to commit uttering and publishing convictions.

VI.  Violation of due process and equal protection under the law because petitioner was denied credit for 138 days served in the County Jail.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

- 3 -

a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his Fourth Amendment rights were violated when police

searched and seized his computer without a warrant.  In the opinion of the undersigned, petitioner's

claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976).  In

*Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and

fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner

be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

search or seizure was introduced at his trial."  *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth

Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas

proceedings:

> Initially, the district court must determine whether the state
> procedural mechanism, in the abstract, presents the opportunity to
> raise a fourth amendment claim.  *Williams v. Brown*, 609 F.2d 216,
> 220 (5th Cir. 1980).  Second, the court must determine whether
> presentation of the claim was in fact frustrated because of a failure of
> that mechanism.  *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir.
> 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en
> banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787
> (1978).

*Id.* at 526 (footnote omitted).  The record reveals no reason why petitioner would have been

prevented from raising his Fourth Amendment claims in the state courts.  The Michigan Court of

Appeals found that no evidence supported petitioner's claim of coerced permission to search his

computer.  Accordingly, in the opinion of the undersigned, petitioner is precluded from raising this

claim under the rule announced in *Stone v. Powell*.

- 4 -

Petitioner claims that he was denied a fair trial when the prosecutor introduced evidence of other acts without providing proper notice in violation of Michigan Rules of Evidence 404(B)(2).  Petitioner claims that prior bad check evidence was admitted that was not related to the charged crime at the Marathon Station.  Petitioner claims that the probative value of this evidence was outweighed by the prejudicial effect contrary to Michigan state law.  However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984).  Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.  Moreover, the Michigan Court of Appeals rejected this claim concluding that the prior bad check evidence was relevant because Marathon employees suspected that the bad check matched prior bad checks they had received, Marathon employees identified petitioner as the presenter of the previously discovered bad checks, and petitioner threw a large quantity of checks that matched the previously used bad checks out of his car while being pursued by police.

Petitioner claims that insufficient evidence was presented to support his uttering and publishing conviction.  A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any*

rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals explained:

> Defendant next claims that the prosecutor presented insufficient evidence to support his conviction and support the trial court's denial of his motion for a directed verdict. Our review of both claims is de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt. *People y Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999); *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).

> The prosecution must establish three elements beyond a reasonable doubt to prove uttering and publishing: "(1) knowledge on the part of the defendant that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment." *Hawkins, supra* at 457; see also MCL 750.249. To prove the offense of using a computer to commit uttering and publishing, the prosecutor must prove: (1) the defendant used a computer, (2) with the intention of committing uttering and publishing. MCL 752.796. Defendant was convicted of uttering and publishing under an aiding and abetting theory. "[A]nyone who intentionally assists someone else in committing a crime is as guilty as a person who directly commits it and can be convicted as an aider and abetter." *People v Coomer*, 245 Mich App 206, 223; 627 NW2d 612 (2001). "'Aiding and abetting' describes all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of a crime." *People v Turner*, 213 Mich App 558, 568; 540 NW2d 728 (1995), overruled in part on other grounds *People v Mass*, 464 Mich 615; 628 NW2d 640 (2001). An aider and abettor's state of mind may be inferred from the facts and circumstances including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. *Id*. at 568-569.

> We reject defendant's claims that the trial court erred in denying his motion for a directed verdict and that there was insufficient evidence to support his conviction. Defendant confessed to the police that he

- 6 -

created the checks on his computer and that he used the account numbers from a valid check and transposed those numbers to put onto the checks he printed. In addition, the evidence established that defendant knowingly provided assistance to Robinson while she attempted to use the checks. Defendant drove Robinson to the Marathon station, and after Robinson was delayed, defendant entered the gas station with a cover story and twice reached over the counter to retrieve Robinson's check and driver's license. Finally, defendant fled the scene, and when the police caught up to them, he and Robinson threw some of the checks he printed out the window. From this record evidence, the jury could infer from the facts and circumstances, including the defendant's participation in the planning and execution of the crime and evidence of flight after the crime, that defendant was guilty beyond a reasonable doubt of using a computer to commit uttering and publishing and aiding and abetting Robinson while she committed uttering and publishing. *Turner, supra* at 568-569.

The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied effective assistance of counsel. The Michigan Court of Appeals rejected these claims finding:

First, defendant argues that defense counsel was unprepared for trial because he failed to call Special Agent Al Dibrito as a witness. To succeed on a claim that defense counsel was unprepared, defendant must demonstrate "that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefitted" his case. *People v Bass (On Rehearing)*, 223 Mich App 241, 253; 565 NW2d 897 (1997), vacated in part on other grounds 457 Mich 866 (1998). Decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Defendant offers no proof that Special Agent Dibrito would have testified favorably to the defense if he had been called by defense counsel. "Accordingly, defendant has not established the factual predicate for his claim," i.e., defendant has not shown a reasonable probability that the result of the

proceedings would have been different but for trial counsel's failure to call Special Agent Dibrito as a witness. *People v Ackerman*, 257 Mich App 434, 455-456; 669 NW2d 818 (2003).

Second, defendant contends that defense counsel was ineffective because he failed to argue that defendant's consent to search for the computer used to print the checks was coerced.  "A defendant is entitled to have his counsel prepare, investigate, and present all substantial defenses." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). However, "defendant must show that he made a good-faith effort to avail himself of this right and that the defense of which he was deprived was substantial." *Id*. "A substantial defense is one that might have made a difference in the outcome of the trial." *Id*. Defendant has failed to demonstrate that defense counsel's failure to raise this issue deprived him of a substantial defense. *Id*. As discussed in Issue I, *supra*, defense counsel did raise an argument concerning the broader issue whether defendant voluntarily waived his *Miranda* rights. Both challenges place the burden of proof on the prosecutor to prove that through the totality of the circumstances defendant's waiver of a constitutional right was voluntary. Because the trial court found no evidence of coercion in conjunction with its rejection of defendant's claimed *Miranda* violation, any claim that consent to search was coerced likewise would have failed for lack of evidentiary support. Defense counsel was not required to raise a frivolous challenge. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Third, defendant argues that defense counsel rendered ineffective assistance when he failed to move to disqualify the trial judge for bias. MCR 2.003(B)(1) requires disqualification if "[t]he judge is personally biased or prejudiced for or against a party or attorney." This Court has interpreted this language to require the party challenging a judge to show actual bias or prejudice. *People v Gomez*, 229 Mich App 329, 331; 581 NW2d 289 (1998). Here, defendant merely concludes that the judge was biased without pointing to any instance in which the alleged bias exhibited itself. Because there is no indication that the trial judge had a personal bias, it would have been futile for defense counsel to move for the trial judge to disqualify himself. Defense counsel will not be faulted for failing to make futile or meritless objections. *Thomas, supra* at 457.

Finally, defendant argues that he was denied the right to cross-examine the author of a certificate alleging that the check Robinson used contained fictitious information. We disagree. Defendant validly waived his right to confrontation through his trial

counsel's consent to the stipulation. *People v Johnson*, 70 Mich App 349, 350; 247 NW2d 310 (1976).[1]

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

---

[1]Petitioner argues that counsel was ineffective for stipulating to admit a certification of record that an account number and account holder were both false. Petitioner instead believes that counsel should have required the prosecution to present a bank employee to testify that the purported account and account holder did not exist. Petitioner wanted his attorney to cross-examine the bank employee. It was reasonable trial strategy to stipulate to this evidence. Cross-examining a bank employee would have served no purpose in petitioner's defense.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his due process rights were violated during sentencing. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 769.12 provides for punishment of imprisonment for life or for any term of years.[2] Therefore, petitioner has not set forth a federal question because his sentence was

---

[2]MCL § 750.249, uttering and publishing, provides for a maximum term of imprisonment of 14 years. Petitioner was sentenced under MCL § 769.12, as a fourth felony offender, which provides a maximum term of imprisonment of life when the underlying felony has a maximum term of imprisonment five years or more.

imposed within the state statutory limit.  *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.  *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976).  If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner argues that his sentence violated the Eighth Amendment by being disproportionate to the crime.  In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the United States Supreme Court stated that the law regarding proportionality was not clearly established for purposes of a habeas analysis under § 2254(d)(1) except that a gross proportionality principle is applicable to a sentence for a term of years.  *Id*. at 71.  However, "in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow."  *Id*  The Supreme Court stated:

> Our cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality.  In *Solem*[3] (the case upon which Andrade relies most heavily), we stated: "it is clear that a 25-year sentence generally is more severe than a 15-year sentence, but in most cases it would be difficult to decide that the former violates the Eighth

---

[3]*Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001 (1983).

> Amendment while the latter does not."  And in *Harmelin*[4], both Justice KENNEDY and Justice SCALIA repeatedly emphasized this lack of clarity: that "*Solem* was scarcely the expression of clear . . . constitutional law," that in "adher[ing] to the narrow proportionality principle . . .  our proportionality decisions have not been clear or consistent in all respects," that we "lack clear objective standards to distinguish between sentences for different terms of years," and that the "precise contours" of the proportionality principle "are unclear."
>
> Thus, in this case, the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of" framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme' case.

*Id.* at 72-73 (citations omitted).  The Supreme Court further noted that state legislatures have "broad discretion to fashion sentences that fit within the scope of proportionality principle - - the 'precise contours' of which 'are unclear.'" *Id.* at 76.

Moreover, the Sixth Circuit has concluded that a sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).  "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

Petitioner also relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional.  However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury.  In Michigan, a court does not have the authority to exceed the statutorily

---

[4]*Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680 (1991).

- 12 -

authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges.  Therefore, *Blakely* is not applicable.

Petitioner claims that the court erred in failing to provide credit for 138 days time served in the County Jail.  The Michigan Court of Appeals explained that because petitioner was on parole at the time he committed his offense, time served only applied to the sentence for which parole was granted not for his new offense.  Clearly, this claim is a matter of State law and fails to present a habeas claim.  The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong.  Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated:  June 24, 2011